Mark Lapham (SBN 146352)
751 Diablo Rd.
Danville, CA 94526
Phone 925-837-9007
Email marklapham@sbcglobal.net
Attorney for plaintiffs

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| In re: Tony Fu,<br><br>Debtor.<br>_____<br><br>Thai Ming Chiu, Demas Yan, Legal Recovery, LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>Tony Fu,<br><br>    Defendant. | Bankruptcy Case No.: 17-41205 CN<br><br>Chapter 7 Trustee: Marlene G. Weinstein<br><br>COMPLAINT OBJECTING TO DISCHARGE; AND FOR DETERMINATION OF DISCHARGEABILITY OF DEBT<br><br>[11 U.S.C. § 727(a)(2), (a)(3), (a)(4)(A)]<br><br>[11 U.S.C. § 523(a)(2)(A), (a)(4), (a)(6)] |

Thai Ming Chiu, Demas Yan, Legal Recovery, LLC (plaintiff) complaint against the defendant debtor, alleges as follows:

### JURISDICTION AND VENUE

1. Defendant is the debtor in this chapter 7 case. Plaintiffs are creditors, assignees and/or agents of creditors.
2. This adversary proceeding is one arising in the debtor's Case No. 17-41205 under chapter 7 of title 11 now pending in this court. The court has jurisdiction of this adversary proceeding pursuant to 28 U.S.C. § 1334 and 11 U.S.C. § 727. This is a core proceeding under 28 U.S.C. § 157(b).

1

3. This is an adversary proceeding objecting to discharge and to determine the dischargeability of debts.

ALLEGATIONS

4. Fu was a general contractor licensed with the California Contractor State License Board. From 1993 to approximately 2000, Fu operating a sole proprietor construction business.
5. In 2000, Florence Fung, a creditor herein, sued Fu for fraudulent construction work and obtained an arbitration award which was reduced to a $77,724.75 judgment entered in San Francisco Superior Court case no. CGC00311712 [Fu v Fung] on October 9, 2003. Fu, in a desperate and vindictive attempt to deny just compensation to his client, concealed his assets and obtained a sham divorce from his wife, Crystal Lei a.ka. Li Ming Lei (Lei) while he was in the midst of his litigation with Fung. To this day, Fu has not paid a cent on that judgment, which is now approximately $197,000 with accrual of interest.
6. Fu's contractor license was suspended and revoked by the California Contractor State License Board around 2003 for non-payment of judgments relating to his construction business. Fu has since continued to do construction work as an unlicensed contractor.
7. At the time of Fu's shame divorce, he owned at least two real properties in San Francisco at 323 21ST AVENUE and 567 23RD AVENUE. Fu fraudulently transferred those properties to Lei just prior to his sham divorce to defraud his creditors. Soon after his sham divorce, he bought a property known as 337 28th Avenue in San Francisco and with fraudulent intent put the title of the house under his former wife. To this day, Fu still maintains ownership of that property at 337 28th Avenue.
8. After his sham divorce, Fu transferred his income and assets to members of his family, including but not limited to his former wife Crystal Lei, his son Bryant Fu, and sister Stella Chen. To this day, Fu has substantial assets hidden amongst his family.
9. Fu stole building material to use on his property at 337 28th Avenue. From around 2003 to 2004, Fu ordered building material from Sierra Point Lumbers as an officer of San Francisco Building Professional, Inc. Fu stole those building material without paying either Sierra Point Lumber or San Francisco Building Professional, Inc. In 2004, Sierra Point Lumber sued Fu and obtained a $98,257.35 judgment entered in this court, Case No.: CGC 04 428983

2

[Sierra Point Lumber v. Fu]. To this day, Fu has not paid a cent on that judgment, which is now approximately $221,524.28 with accrual of interest.

10. On April 25, 2016, Fu and an accomplice Martin Eng, willfully and maliciously assaulted plaintiff and committed a battery on Demas Yan with a blunt object to the head, causing serious injury requiring hospitalization. On May 2, 2016, an arrest warrant for Fu was issued by Judge Wiss of the San Francisco Superior Court. The San Francisco Police urged Fu, through his attorney on May 10, 2016, to turn himself in, but Fu refused and evaded arrest until August 2016. Fu was charged with felony assault after preliminary hearing and arraignment, but before trial scheduled on May 2, 2016, the District Attorney dismissed the case without prejudice for reasons that is not publicly disclosed.

## FIRST CLAIM
## OBJECTION TO DISCHARGE
[pursuant to 11 U.S.C. § 727(a)(2), (3), and (4)(A)]

11. The allegations of the foregoing paragraphs 4 to 10 are realleged and incorporated herein.

12. Plaintiff objects to the discharge of debtor pursuant to 11 U.S.C. § 727(a)(2)(A) and (B) on the grounds that Fu, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed property of the debtor, within one year before the date of the filing of the petition or property of the estate, after the date of the filing of the petition.

13. Plaintiff further objects to the discharge of debtor pursuant to 11 U.S.C. §727(a)(3) on the grounds that debtor has failed to keep or preserve books, records, documents, and papers from which his financial condition or business transactions might be ascertained.

14. Plaintiff further objects to the discharge of debtor pursuant to 11 U.S.C. §727(a)(4) on the grounds that defendant knowingly and fraudulently made a false oath in this case in the petition and papers that he filed herein and at his 341 meeting of creditors.

15. Under penalty of perjury, defendant certified schedules herein were true and correct to the best of the defendant's knowledge, information and belief, when in truth and fact, as the

defendant then well knew, he has ownership of properties and assets that he has not disclosed. As provided in 28 U.S.C. § 1746, such certification had like force and effect as an oath.

WHEREFORE, plaintiff demands judgment denying defendant's discharge and for such other and further relief as is just.

## SECOND CLAIM
OBJECTION TO DISCHARGE

[pursuant to 11 U.S.C. § 523(a)(2)(A), (a)(4), (a)(6)]

16. The allegations of the foregoing paragraphs 4 to 10 are realleged and incorporated herein.

17. Plaintiff objects to the discharge of the debts evidenced by the judgments entered in San Francisco Superior Court case no. CGC-00-311712 [Fu v. Fung] and Case no. CGC-04-428983 [Sierra Point Lumber v. Fu] pursuant to 11 U.S.C. §11 U.S.C. § 523(a)(2)(A) and (a)(4) on the grounds that these debts arise out of debtor's false pretenses, false representation, fraud and defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

18. Plaintiff further objects to the discharge of the Debt Arising from Assault and Battery as described in paragraph 10 above, pursuant to 11 U.S.C. § 523(a)(6).

WHEREFORE, plaintiff prays that the court determine that the debts are nondischargeable; that that the court enter judgement declaring the debts to be nondischargeable and that plaintiff have such other and further relief as is just.

Dated: 8/2/2017

By: /s/MARK LAPHAM

Attorney for Plaintiffs

# CERTIFICATE OF SERVICE

I declare that I am a resident of the State of California, over the age of 18 years, and not a party to this action.

On this date, I served the following document(s):

DEFENDANT THAI MING CHIU'S CROSS COMPLAINT

on the following parties by USPS FIRST CLASS MAIL:

Tony Dong Xing Fu
5813 Geary Blvd, PMB 188
San Francisco, CA 94121

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: 8/2/2017
By: /s/MARK LAPHAM