Mark Lapham (SBN 146352)
751 Diablo Rd.
Danville, CA 94526
Phone 925-837-9007
Attorney for plaintiffs

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| In re: Tony Fu, | Bankruptcy Case No.: 17-41205 CN |
| Debtor. | Chapter 7 Trustee: Marlene G. Weinstein |
| _____ | AP # 17-04056 |
| Thai Ming Chiu, Demas Yan, Legal Recovery, LLC, | |
| Plaintiffs, | FIRST AMENDED COMPLAINT OBJECTING TO DISCHARGE; AND FOR DETERMINATION OF DISCHARGEABILITY OF DEBT |
| v. | |
| Tony Fu, | [11 U.S.C. § 727(a)(2), (a)(3), (a)(4)(A)] |
| Defendant. | [11 U.S.C. § 523(a)(2)(A), (a)(4), (a)(6)] |

Thai Ming Chiu, Demas Yan, Legal Recovery, LLC (plaintiff) complaint against the defendant debtor, alleges as follows:

JURISDICTION AND VENUE

1. Defendant is the debtor in this chapter 7 case. Plaintiffs are creditors, assignees and/or agents of creditors.

2. This adversary proceeding is one arising in the debtor's Case No. 17-41205 under chapter 7 of title 11 now pending in this court.  The court has jurisdiction of this adversary proceeding pursuant to 28 U.S.C. § 1334 and 11 U.S.C. § 727.  This is a core proceeding under 28 U.S.C. § 157(b).

3. This is an adversary proceeding objecting to discharge and to determine the dischargeability of debts.

1

ALLEGATIONS

4. Fu was a general contractor licensed with the California Contractor State License Board. From 1993 to approximately 2000, Fu operating a sole proprietor construction business.

5. In 2000, Florence Fung, a creditor herein, sued Fu for fraudulent work and obtained an arbitration award which was reduced to a $77,724.75 judgment entered in San Francisco Superior Court case no. CGC00311712 [Fu v Fung] on October 9, 2003. To this day, Fu has not paid any of that judgment which is now approximately $197,000 with accrual of interest.

6. During the pendency of the action by Florence Fung against Fu, in order to shield his assets from his existing creditors and future credits, Fu and his wife, Crystal Lei a.ka. Li Ming Lei (Lei) devised a fraudulent scheme shield and hide Fu's assets by filing a sham divorce. Just prior to the sham divorce, Fu transfer his assets to Lei without consideration for the purpose of placing his assets out of reach of his creditors. At the time, Fu owned at least two real properties in San Francisco at 323 21ST AVENUE and 567 23RD AVENUE. After the sham divorce, Fu continued to live with Lei and their son Bryant Fu at 323 21ST AVENUE and then subsequently at 337 28th Avenue in San Francisco. Fu and Lei remained husband and wife in all respects other than in name. Fu and Lei went on frequent expensive vacations overseas. In a recent case in San Francisco Superior Court, Fu and Lei sued a travel agency for not providing deluxe hotel accommodation. In that action, Fu stipulated with defendant travel agency to dismiss his claim in exchange for payment of money to Lei, thereby hiding his assets from his creditors.

7. Fu's contractor license was suspended and revoked by the California Contractor State License Board around 2003 for non-payment of judgments relating to his construction business, but Fu continues to earn income as an unlicensed contractor from 2003 to the present. Fu's earnings and other cash and assets are hidden with the help of Lei and his relatives including his son Bryant Fu and sister Stella Chen.

8. Fu has equitable ownership in a property known as 337 28th Avenue in San Francisco. His money was used to purchase the property but legal title is in Lei's name as part of a fraudulent scheme to hide Fu's ownership interest and assets from his creditors.

9. Fu knowingly and purposely omitted disclosure of his cash and assets from his bankruptcy petition, including the omission of his ownership interest in 337 28th Avenue in San Francisco, his ownership interest in automobiles, and cash and other assets that are held by Crystal Lei, Bryant Fu, and Stella Chen for his benefit.

10. Fu purposely devised a scheme to commit larceny of building supply from Sierra Point Lumber for remodeling at 337 28th Avenue soon after Fu acquired ownership interest in the property. Fu fraudulently ordered building material from Sierra Point Lumbers without intend to pay of the material using a corporate credit account. In 2004, Sierra Point Lumber sued Fu and obtained a $98,257.35 judgment against him in San Francisco Superior Court, Case No.: CGC 04 428983 [Sierra Point Lumber v. Fu]. Fu has not paid a cent on that judgment which is now approximately $221,524.28 with accrual of interest.

11. On April 25, 2016, Fu and an accomplice Martin Eng willfully and maliciously assaulted plaintiff and committed a battery on Demas Yan with a blunt object to the head causing serious injury requiring hospitalization. On May 2, 2016, an arrest warrant for Fu was issued by Judge Wiss of the San Francisco Superior Court. The San Francisco Police urged Fu, through his attorney on May 10, 2016, to turn himself in, but Fu evaded arrest until August 2016. Fu posted cash bail of $175,000. Fu was charged with felony assault after preliminary hearing and arraignment but before trial commenced on May 2, 2017, the District Attorney dismissed the case without prejudice for reasons that is not publicly disclosed.

<u>FIRST CLAIM</u>

OBJECTION TO DISCHARGE

[pursuant to 11 U.S.C. § 727(a)(2), (3), and (4)(A)]

12. The allegations of the foregoing paragraphs 4 to 11 are realleged and incorporated herein.

13. Plaintiff objects to the discharge of debtor pursuant to 11 U.S.C. § 727(a)(2)(A) and (B) on the grounds that Fu, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed property of the debtor, within one year before the date of the filing of the petition

or property of the estate, after the date of the filing of the petition.  In support of this objection, plaintiffs alleges that within one year before the date of the filing of the petition, Fu has concealed and continues to conceal his ownership interest in the real property known as 337 28th Avenue in San Francisco and his other assets including cash and automobile.

14.  Plaintiff further objects to the discharge of debtor pursuant to 11 U.S.C. §727(a)(3) on the grounds that debtor has failed to keep or preserve books, records, documents, and papers from which his financial condition or business transactions might be ascertained.  In support of this objection, plaintiffs alleges that Fu has failed to provide any tax returns filed with either state or federal authorities and has failed to provide records or documents related to his earnings within the last 10 years.

15. Plaintiff further objects to the discharge of debtor pursuant to 11 U.S.C. §727(a)(4) on the grounds that defendant knowingly and fraudulently made a false oath in this case in the petition and papers that he filed herein and at his 341 meeting of creditors.  In support of this objection, plaintiffs alleges that Fu knowingly provided false information and omissions in the petition and papers that he filed herein by omitting to disclose his ownership interest in the real property known as 337 28th Avenue in San Francisco and his other assets including cash and automobile.  Fu also knowingly provided false testimony at his 341 meeting of creditors by falsely stating that he did not live with Crystal Lei for any time after his sham divorce and that he had no income whatsoever for 10 years or more.

16. Under penalty of perjury, defendant certified schedules herein were true and correct to the best of the defendant's knowledge, information and belief, when in truth and fact, as the defendant then well knew, he has ownership of properties and assets that he has not disclosed.   As provided in 28 U.S.C. § 1746, such certification had like force and effect as an oath.

WHEREFORE, plaintiff demands judgment denying defendant's discharge and for such other and further relief as is just.

//

SECOND CLAIM

OBJECTION TO DISCHARGE

[pursuant to 11 U.S.C. § 523(a)(2)(A), (a)(4), (a)(6)]


17. The allegations of the foregoing paragraphs 4 to 11 are realleged and incorporated herein.

1. Plaintiff objects to the discharge of the debts evidenced by the judgment entered in San Francisco Superior Court case no. CGC-04-428983 [Sierra Point Lumber v. Fu] pursuant to 11 U.S.C. §11 U.S.C. § 523(a)(2)(A) and (a)(4) on the grounds that this debt arises out of debtor's false pretenses, false representation, fraud and defalcation while acting in a fiduciary capacity, embezzlement, or larceny.  In support of this objection, plaintiffs alleges that Fu purposely devised a scheme to commit larceny of building supply from Sierra Point Lumber for remodeling at 337 28th Avenue soon after Fu acquired ownership interest in said property.  Fu fraudulently ordered building material from Sierra Point Lumbers without intend to pay of the material using a corporate credit account.  In 2004, Sierra Point Lumber sued Fu and obtained a $98,257.35 judgment against him in San Francisco Superior Court, Case No.: CGC 04 428983 [Sierra Point Lumber v. Fu].  Fu has not paid a cent on that judgment which is now approximately $221,524.28 with accrual of interest.

2. Plaintiff further objects to the discharge of the Debt Arising from Assault and Battery as described in paragraph 11 above, pursuant to 11 U.S.C. § 523(a)(6).

WHEREFORE, plaintiff prays that the court determine that the debts are nondischargeable; that that the court enters judgment declaring the debts to be nondischargeable and that plaintiff have such other and further relief as is just.



Dated: 10/18/2017

By: /s/MARK LAPHAM

Attorney for Plaintiffs

5