

The following constitutes
the order of the court. Signed December 19, 2017

_____
Charles Novack
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>TONY DONG XING FU,<br><br>        Debtor. | Case No. 17-41205 CN<br><br>Chapter 7 |
| DEMAS WAI YAN, THAI MING CHIU, and LEGAL RECOVERY, LLC<br><br>        Plaintiffs,<br>vs.<br><br>TONY FU,<br><br>        Defendant. | Adversary No. 17-04056<br><br>**ORDER CONTINUING HEARING AND ORDER TO SHOW CAUSE** |

On December 18, 2017, this court conducted a hearing on a) defendant Tony Fu's motion to dismiss the first amended complaint under Federal Rule of Bankruptcy Procedure 7012(b)(6) for failure to state a claim for relief; and b) plaintiffs Demas Yan, Thai Ming Chiu, and Legal Recovery, LLC's discovery motion to compel production and to deem certain matters admitted (the "Discovery Motion"). While defendant Tony Fu ("Fu") appeared at the hearing, plaintiffs' counsel Mark Lapham did not appear before this court. Instead, plaintiff Demas Yan appeared and informed this court that Lapham could not appear. Lapham never informed this court of his unavailability, and he did not advise Yan when he would be available.

For the reasons stated on the record, the Discovery Motion is denied. Federal Rule of Bankruptcy Procedure 7026(d)(1) states that "A party may not seek discovery from any source before

1

ORDER CONTINUING HEARING AND ORDER TO SHOW CAUSE
Case: 17-04056   Doc# 25   Filed: 12/19/17   Entered: 12/20/17 15:52:38   Page 1 of 4

the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fu informed this court that the parties have not held a discovery conference. Accordingly, the Discovery Motion is premature.

Given the significance of Fu's motion to dismiss, this court will continue its hearing to **January 22, 2018** at **10:00 a.m.** Lapham is ordered to personally attend the continued hearing. Lapham is further ordered to address several perceived inadequacies of his first amended complaint:

1. There are three plaintiffs in this adversary proceeding: Demas Yan, Thai Ming Chiu, and Legal Recovery, LLC. While the first amended complaint plainly describes Demas Yan's claim and thus his technical standing herein, the first amended complaint ("the complaint") does not allege what claims Thai Ming Chiu and Legal Recovery, LLC have against Fu. *See Warchol v. Barry (In re Barry)*, 451 B.R. 654 (BAP 1st Cir. 2011). The complaint's only allegation in this regard is that "Plaintiffs are creditors, assignees and/or agents of creditors." Plaintiffs must explain to this court why this allegation is sufficient under F.R.B.P. 7012(b)(6) to give these parties standing to assert § 727 claims for relief. By **January 8, 2018**, Plaintiffs shall serve and file a memorandum of law (not to exceed ten pages) regarding the complaint's adequacy on this matter. Fu may file and serve a response by **January 16, 2018,** and this court will conduct a continued hearing on Fu's motion to dismiss on **January 22, 2018** at **10:00 a.m.**

2. While Yan has sufficiently alleged that he is a creditor, he is subject to a vexatious litigant order which bars him from filing any action against Fu in the United States Bankruptcy Court for the Northern District of California. Judge Carlson (now retired) signed the "Order Determining Demas Yan To Be A Vexatious Litigant" in the "<u>Demas Yan v. Tony Fu, Stella Chen, Wei Suen, Bryant Fu, and Crystal Lei</u>" adversary proceeding, A.P. 12-3129. The vexatious litigant order (a copy of which is an exhibit to Fu's declaration in support of his motion to dismiss) was entered on December 23, 2013, and it expressly prohibits Yan from filing any action against Fu in this court absent prior approval of this court. Yan did not request this court's approval before filing this adversary proceeding. Accordingly, Yan

**SHALL SHOW CAUSE** why this court should not hold him in contempt for violating the vexatious litigant order, and why this court should not dismiss all of his claims for relief in this adversary proceeding. The hearing on this order to show cause will be held before Judge Charles Novack on **January 22, 2018** at **10:00 a.m.** in courtroom 215, 1300 Clay Street, Oakland, California. Any response to the order to show cause shall be served and filed by **January 8, 2018.**

3. Plaintiffs have asserted several grounds by which this court may deny Fu's discharge, including a claim for relief under Bankruptcy Code § 727(a)(3). In paragraph 14 of the complaint, Plaintiffs allege that Fu "has failed to keep or preserve books, records, documents, and papers from which his financial condition or business transactions might be ascertained. In support of this objection, plaintiffs [allege] that Fu has failed to provide any tax returns filed with either state or federal authorities and has failed to provide records or documents related to his earnings within the last 10 years." Under Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Bell Atlantic Corp. v. Twomby, 550 U.S. 544 (2007), plaintiffs must allege sufficient factual allegations and avoid formulaic recitations of the elements of the claim for relief. This court is required to determine whether a plausible, not a possible, claim for relief exists. By **January 8, 2018,** Plaintiffs shall serve and file a memorandum of law (not to exceed ten pages) regarding the complaint's adequacy on this matter. Fu may file and serve a response by **January 16, 2018.** Plaintiffs may combine the memorandum of law required by paragraphs 1 and 3, and this court will address this issue during the **January 22, 2018** hearing.

4. Fu's motion to dismiss is continued to the **January 22, 2018** hearing, and this court will address the entirety of the motion to dismiss at that hearing.

**\*\*\* END OF ORDER \*\*\***

3

ORDER CONTINUING HEARING AND ORDER TO SHOW CAUSE
Case: 17-04056    Doc# 25    Filed: 12/19/17    Entered: 12/20/17 15:52:38    Page 3 of 4

**COURT SERVICE LIST**

Tony Dong Xing Fu
5813 Geary Blvd, PMB 188
San Francisco, CA 94121

Other recipients are ECF participants.

4

ORDER CONTINUING HEARING AND ORDER TO SHOW CAUSE
Case: 17-04056    Doc# 25    Filed: 12/19/17    Entered: 12/20/17 15:52:38    Page 4 of 4