

The following constitutes
the order of the court. Signed January 25, 2018

_____

**Charles Novack**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No. 17-41205 CN |
| TONY DONG XING FU, | Chapter 7 |
| Debtor. | |
| DEMAS WAI YAN, THAI MING CHIU, and LEGAL RECOVERY, LLC | Adversary No. 17-04056 |
| Plaintiffs, | **ORDER HOLDING PLAINTIFF DEMAS YAN IN CONTEMPT AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS** |
| vs. | |
| TONY FU, | |
| Defendant. | |

Plaintiff Demas Yan is subject to a vexatious litigant order which bars him from filing any action against Defendant Tony Fu in the United States Bankruptcy Court for the Northern District of California.  Judge Carlson (now retired) signed the "Order Determining Demas Yan To Be A Vexatious Litigant" in the "Demas Yan v. Tony Fu, Stella Chen, Wei Suen, Bryant Fu, and Crystal Lei" adversary proceeding, A.P. 12-3129.  The vexatious litigant order (a copy of which is an exhibit to Fu's declaration in support of his motion to dismiss) was entered on December 23, 2013, and it expressly prohibits Yan from filing any action against Fu in this court absent prior approval of this court.  Yan did not request this court's approval before filing this adversary proceeding.  Accordingly, this court issued an Order to Show Cause why it should not hold Yan in contempt for violating the vexatious litigant order, and why this court should not dismiss all of his claims for

1

Case: 17-04056   Doc# 32   Filed: 01/25/18   Entered: 01/29/18 14:12:24   Page 1 of 3

Yan filed a response to the Order to Show Cause on January 8, 2018, and the court held a hearing on the response on January 22, 2018.

For the reasons stated on the record, the Court finds that the Plaintiff's response to the Order to Show Cause was inadequate, and, as a result, the Court holds Demas Yan in contempt of Judge Carlson's vexatious litigant order. The Defendant spent considerable time making the Court aware of Judge Carlson's order, and Yan is therefore ordered to pay Fu $500 in good funds as a sanction by **February 1, 2018.** Additionally, Demas Yan is dismissed as a party to all claims in this adversary proceeding, except for his §523(a)(6) claim against Fu. The Court finds that it would have granted Yan leave to pursue his §523(a)(6) claim -- which involves acts that allegedly occurred after Judge Carlson issued the vexatious litigant order -- had Yan followed the procedures outlined in Judge Carlson's order and sought leave of the Court to commence an adversary proceeding. Therefore, Plaintiff Yan may continue to litigate his §523(a)(6) claim against Fu.

Furthermore, the Court grants the Defendant's motion to dismiss under Federal Rule of Bankruptcy Procedure 7012 in part and denies the motion in part. The Court grants Fu's motion to dismiss as to the Plaintiffs' claims for relief on behalf of Sierra Point Lumber under Bankruptcy Code §523(a)(2) and §523(a)(4) with prejudice for the reasons stated on the record. The Plaintiffs' adversary complaint does not provide a basis for standing to assert claims on behalf of Sierra Point Lumber and as such, does not state a plausible claim for relief under Federal Rule of Civil Procedure 12(b)(6). However, the Court denies the Defendant's motion to dismiss as to all other claims by Plaintiffs Thai Ming Chiu and Legal Recovery, LLC. For the reasons stated on the record, the Court finds that Plaintiffs Thai Ming Chiu and Legal Recovery, LLC have asserted their standing to litigate the claims detailed in the adversary complaint to the extent that the claims are plausible claims for relief under Rule 12(b)(6) and Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Bell Atlantic Corp. v. Twomby, 550 U.S. 544 (2007).

**\*\*\* END OF ORDER \*\*\***

2

1  A.P. No. 17-04056 CN

2  **COURT SERVICE LIST**

3

4  Tony Dong Xing Fu
   5813 Geary Blvd, PMB 188
5  San Francisco, CA 94121

6

   Other recipients are ECF participants.
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

**ORDER AFTER HEARING ON ORDER TO SHOW CAUSE**