

**KORNFIELD** | NYBERG, BENDES, KUHNER & LITTLE, P.C.

July 30, 2018

Eric A. Nyberg
Writer's Email: E.Nyberg@Kornfieldlaw.com

Honorable Charles Novack
U.S. Bankruptcy Court
1300 Clay Street
Oakland, CA 94612

    Re:    **Yan, et al. vs. Tony Fu, Adv. Proc. No. 17-04056**
            **Discovery Dispute Letter**

Dear Judge Novack:

    Our firm represents Defendant Tony Fu in the above-referenced adversary proceeding. Unfortunately, Mr. Fu needs to submit the following discovery dispute letter.

## I.    BACKGROUND

    This adversary proceeding has three (3) plaintiffs, Demas Wei Yan[1], Thai Ming Chiu and Legal Recovery, LLC. The First Amended Complaint in the adversary proceeding has a claim under 11 U.S.C. Section 523(a)(6) which is asserted only by Mr. Yan against Mr. Fu. The remaining claims are asserted by Thai Ming Chiu and Legal Recovery, LLC. The remaining claims are claims asserted pursuant to 11 U.S.C. Sections 727(a)(2)(A), (4)(A) and (a)(3). The transcript of the hearing on the Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint was held on January 22, 2018, reflects that the court limited the 727(a)(2)(A) claim to the "28th Avenue Property, automobiles, and cash, but no other assets because that's just --- that's just a fishing expedition and we're passed that." Transcript, pg. 14, lines 11-15. Defendant has propounded written discovery to the Plaintiffs consisting of Written Interrogatories and a Request for Production of Documents. As is set forth in more detail below, Plaintiffs have provided defective responses and raised specious objections. Defendant, through counsel, arranged and participated in a telephonic meet and confer with Mark Lapham, the attorney for Plaintiffs. The meet and confer session took place on July 23, 2018. Unfortunately, the meet and confer did not resolve any of the issues relating to Plaintiffs' defective responses.

---

[1] A disbarred lawyer who has also been determined to be a vexatious litigant in both bankruptcy court and state court who has filed no less than 11 lawsuits against Mr. Fu and his family.

Case: 17-04056   Doc# 63   Filed: 07/30/18   Entered: 07/30/18 19:34:18   Page 1 of 5

## II. DISCOVERY PROPOUNDED BY DEFENDANT

As set forth above, Defendant propounded a set of interrogatories to each of the three plaintiffs. Each set of written interrogatories contained 14 specific questions. The interrogatories sought information regarding the following:

1. Relationships between the plaintiffs;
2. The basis for each plaintiffs' assertion that he/she/it is a creditor of Mr. Fu;
3. Information regarding assignments of the judgments referenced in the Complaint;
4. The facts that each defendant relies on to support the claims it asserts in the Complaint; and
5. Which claims for relief are being asserted by which plaintiffs given the hopeless ambiguity in the First Amended Complaint.

## III. PLAINTIFFS' RESPONSES TO WRITTEN INTERROGATORIES

Plaintiffs' provided defective responses to the written interrogatories. The responses are not signed by anyone. There is a /s/ signature block for Mark Lapham, but Plaintiffs were not provided with any physical signature, photocopy or otherwise. In addition, the responses have not been verified by the responding party. The responses were served from a building in Oakland, California bearing the same address as an address used by Demas Yan on a Proof of Claim form filed in Mr. Fu's bankruptcy case. Mr. Lapham has his office in Danville, California. This once again calls into question whether or not the Plaintiffs and/or Mr. Lapham actually even saw, let alone signed and responded to the discovery. By reason of the wholly defective responses, Defendant asserts that any legitimate objections that the Plaintiffs may have had have been waived by reason of their failure to actually timely respond with signed responses.

Assuming the unsigned and unverified responses are somehow deemed proper, Plaintiffs have objected to every interrogatory. Plaintiffs assert that the questions are outside the scope of discovery and that the court has already determined the standing issue. As an example of the bad faith and gamesmanship being played by Plaintiffs, Interrogatory No. 9 propounded to Plaintiff Thai Ming Chiu asks the following question: "Are you a plaintiff in the First Claim for Relief set forth in the First Amended Complaint Objecting to Discharge and for Determination of Discharge Ability of Debt." The unsigned response provided by Mr. Chiu was as follows, "Respondent objects to interrogatory in that it imposes undue burden and that Requesting Party has equal/similar access to information requested in that Requesting Party has access to court docket and related documents and orders." This is an example of what we are dealing with. The First Amended Complaint is a hopeless mess. It is unclear who the plaintiffs are in any given claim for relief given that there are 3 of them and the First Amended Complaint often refers to Plaintiff as opposed to Plaintiffs.

In addition, standing is an issue. *In re Beugen,* 99 B.R. 961 (9th Cir. BAP 1989) holds that a party who is not the original holder of claims is not a creditor entitled to object to a debtors discharge. This court ruled for purposes of Mr. Fu's 12(b)(6) motion that there was enough in the allegations in the First Amended Complaint for standing. However, in response to a question from Mr. Fu regarding standing, the court stated the following: "Well, look, I'm not going to ask him that because I'm not conducting a trial. That's part of discovery, Mr. Fu. So if you say, look, I know he's alleged this, I know he's alleged that Mr. Chiu and Legal Recovery, LLC have standing, he's alleged it, but I don't believe it. So if that's what you believe and you think you can say - - - and you think you can argue that these - - - this person and this entity really don't

own these claims and therefore don't have standing, you can take discovery. You know, you can ask for documents. You can, you know, issue interrogatories. You can take a deposition and flesh - - - and, you know, build a case demonstrating that these folks don't own these claims and therefore don't have standing to just - - - be plaintiffs in my court." Transcript of Hearing on Motion to Dismiss January 22, 2018, pg. 17, line 21 through pg. 18, line 18. Notwithstanding the foregoing, Plaintiffs assert that Mr. Fu has no right to take discovery because standing has been determined for all times and all purposes and that the court's ruling on standing is somehow res judicata. This demonstrates the specious and bad faith nature of the Plaintiffs discovery responses.

### IV. PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS

In addition to the interrogatories, Defendant propounded a Request for Production of Documents to each of the Plaintiffs. Each request for production of documents sought eleven (11) different categories of documents which tracked the type of information sought in the interrogatories. The Plaintiffs raised the same objections to the Request for Production of Documents as they did to the interrogatories, primarily that the requests are outside the scope of discovery and that the issue of standing has already been decided. Plaintiffs also refused to provide any documents which they rely on to report their claims other than to state that they produced some documents which were attached to an email they contend constitutes their initial disclosures made in the adversary proceeding.

### V. PLAINTIFFS' REFUSAL TO COOPERATE WITH DEPOSITION SCHEDULING

Defendant's counsel, as required by the local rules, reached out to counsel for Plaintiffs via-email to attempt to reach an agreement on dates for the depositions of the Plaintiffs. The topic of scheduling depositions was also discussed in the telephonic meet and confer. Defendant's counsel has repeatedly asked counsel for the Plaintiffs to provide dates and times that he and his clients are available for depositions during the week of August 13, 2018. To date, counsel has failed to provide dates that the Plaintiffs are available for their depositions. Initially, counsel stated he needed to know the topics to be covered at the depositions then when it was explained that is not required he simply chose not to respond. As a consequence, Defendant intends to set the depositions of the Plaintiffs during the week of August 13, 2018. However, Defendant anticipates that the deposition notices will now be met with the host of reasons why the Plaintiffs cannot appear for their depositions. Accordingly, Defendant believes that the court needs to address issue of Plaintiffs' requirement to appear for a properly noticed deposition.

### VI. PLAINTIFFS' DISCOVERY ABUSES

Finally, Defendant contends that Plaintiffs are abusing the discovery process. The Plaintiffs have propounded 186 requests for admissions, 54 separate demands for production of documents and multiple interrogatory questions covering the period of time commencing in 2000 and continuing to the present. The information sought relates to information that is a matter of public record, information relating to a multitude of properties and issues that are not germane to the 727 claims as limited by the Court. And in similar fashion to the discovery responses, the discovery which has been served does not appear to have been signed by Plaintiffs' counsel. What has been served again bears a /s/ electronic signature and the discovery was served from the same Oakland address that is on the Proof of Service for the defective discovery responses served by Plaintiffs.

Given that the court has limited the scope of the 727(a)(2)(A) claim to the 28th Avenue Property, automobiles and cars, it is inconceivable as to why Plaintiffs need to or should be allowed to ask for documents relating to properties other than the 28th Avenue Property and why they need information going back to the year 2000. The Plaintiffs' discovery smacks of abuse and appears to be nothing more than an attempt to run up the costs of the litigation for Mr. Fu. It appears that all of this is being orchestrated by the vexatious litigant, Mr. Yan. Defendant asserts that the court should severely narrow the scope of discovery that Plaintiffs are entitled to in order to curb and prevent the abuse of the discovery process by the Plaintiffs. Interestingly, during the meet and confer telephone conference, Mr. Lapham informed us that Mr. Yan was not representing himself. The timing of this also is highly suspect.

Respectfully submitted,

Kornfield, Nyberg, Bendes, Kuhner & Little, P.C.

ERIC A. NYBERG

EAN/gam
cc: Mark Lapham (via-email)
Demas Yan (via-email)

# DECLARATION OF SERVICE

I, the undersigned, declare:

I am employed in the City of Oakland, County of Alameda, California. I am over the age of 18 years and not a party to this action. My business address is 1970 Broadway, Suite 225, Oakland, California 94612.

I am readily familiar with the business practices of my employer, Kornfield, Nyberg, Bendes, Kuhner & Little, P.C., for the collection and processing of correspondence for mailing with the United States Postal Service and that correspondence is deposited with the United States Postal Service that same day in the ordinary course of business unless indicated below by electronic service.

On July 30, 2018, I served the following documents:

**DISCOVERY DISPUTE LETTER**

by placing copies of said documents in a sealed envelope by first class mail and served in the manner described below addressed as follows:

*Via-Email*
*(marklapham@sbcglobal.net)*
Mark W. Lapham
Law Offices of Mark W. Lapham
751 Diablo Rd.
Danville, CA 94526

*Via-Email (anewlaw@gmail.com)*
Demas Wai Yan
100 Pine Street, #1250
San Francisco, CA 94111

I placed such envelopes for collection and mailing at my employer's office following ordinary business practices, addressed to the addressee designated.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 30th day of July, 2018 at Oakland, California.

Gail A. Michael

-1-