ERIC A. NYBERG, ESQ. (Bar No. 131105)
CHRIS D. KUHNER, ESQ. (Bar No. 173291)
**KORNFIELD, NYBERG, BENDES, KUHNER & LITTLE, P.C.**
1970 Broadway, Suite 225
Oakland, California 94612
Telephone: (510) 763-1000
Facsimile: (510) 273-8669
Email: e.nyberg@kornfieldlaw.com
Email: c.kuhner@kornfieldlaw.com

Attorneys for Defendant Tony Fu

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>Tony Dong Xing Fu,<br><br>Debtor. | Case No. 17-41205 CN<br><br>Chapter 7 |
| Demas Wai Yan, Thai Ming Chiu, Legal Recovery, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>Tony Fu,<br><br>Defendant. | Adv. Proc. No. 17-04056<br><br>**DEFENDANT'S OPPOSITION TO MOTION TO SUBSTITUTE PLAINTIFF**<br><br>Date: September 10, 2018<br>Time: 10:00 a.m.<br>Ctrm: 215<br>U.S. Bankruptcy Court<br>1300 Clay Street<br>Oakland, CA 94612 |

Defendant Tony Fu ("Defendant") submits the following opposition to the Motion to Substitute Plaintiff filed by Demas Yan ("Yan").

**I. The Motion to Substitute Plaintiff Is Procedurally Defective**

A. The Motion Has Not Been Timely Served.

Opposition to Motion to Substitute Plaintiff
-1-

Yan's motion to substitute himself in as plaintiff in place of Thai Ming Chiu was filed and purportedly served on August 24, 2018. Counsel for Defendant received ECF service on the 24th of August. Service of the motion on the 24th of August provides only 17-days notice of the hearing. Since the relief sought is against an identified party, B.L.R. 9014-1(c)(1) requires that service of the motion be at least 28 days prior to the scheduled hearing. Even if it could be argued that the motion only requires 21 days notice as set forth in B.L.R. 9014-1(c)(2), service was insufficient notice of the hearing has been given.

B. <u>It Does Not Appear That The Motion Has Been Served On Thai Ming Chiu</u>.

By way of his motion, Yan appears to unilaterally be seeking to substitute himself in as plaintiff in place of Plaintiff Thai Ming Chiu. There is no certificate of service nor any indication that the motion has been served on the party for whom Yan is attempting to substitute himself in in place of.

## II. The Decision to Allow Substitution Lies in the Discretion of the Court.

F.R.C.P. 25 which is incorporated into adversary proceedings pursuant to F.R.B.P. 7025 leaves to the discretion of the trial court whether or not to grant a motion to substitute a party. The United States Court of Appeals for the Ninth Circuit has addressed this issue. In *In re Bernal,* 207 F.3d 595 (9th Cir. 2000), the Ninth Circuit Panel set forth the following:

> "The rule, therefore, assures that the concerns which trouble the BAP will remain under the firm control with trial court because it leaves the substitution decision to the courts sound discretion." See, e.g., *Dodd vs. Pioche Mines Consol., Inc.,* 308 F.2d, 673, 674 (9th Cir. 1962) (the decision is discretionary); *Sun-Made Raisin Growers v. California Packing Corp.,* 273 F.2d 282, 284 (9th Cir. 1959) (same); cf. *McComb v. Row River Lumber Co.,* 177 F.2d 129, 130 (9th Cir. 1949) (same at the appellate level)." 207 F.3d at 598.

In the present case, Yan is continuing his harassment and vendetta against Defendant by attempting to substitute in and place of Plaintiff Thai Ming Chiu. Mr. Chiu's deposition has been taken and Mr. Chiu testified he has no independent knowledge of any facts to support the allegations in the Complaint other than what he has been told by Mr. Yan.

In addition, Yan was a party to the claims in the complaint asserted under 11 U.S.C. Section 727 and due to his status as a vexatious litigant, those claims were dismissed as to Yan.

To allow Yan to now substitute in for Plaintiff Thai Ming Chiu would allow Mr. Yan to essentially thumb his nose at this court and the courts prior rulings as well as the well-reasoned and thought out order of Judge Carlson declaring Mr. Yan to be a vexatious litigant. In fact, it would appear that Mr. Yan's motion may well violate the terms of Judge Carlson's order.

It is respectfully submitted, that it is time for this court to put an end to the gamesmanship that is being demonstrated by Mr. Yan and Mark Lapham which is making a mockery of this court and of the Federal Rules of Evidence and the Federal Rules of Bankruptcy Procedure.

### III. Conclusion

**WHEREFORE**, it is respectfully submitted that this Court should deny the motion with prejudice.

Dated: August 30, 2018                    Kornfield, Nyberg, Bendes, Kuhner & Little, P.C.


By: /s/ Eric A. Nyberg
    (Bar No. 131105)
    Attorneys for Defendant Tony Fu

# DECLARATION OF SERVICE

I, the undersigned, declare:

I am employed in the City of Oakland, County of Alameda, California. I am over the age of 18 years and not a party to this action. My business address is 1970 Broadway, Suite 225, Oakland, California 94612.

I am readily familiar with the business practices of my employer, Kornfield, Nyberg, Bendes, Kuhner & Little, P.C., for the collection and processing of correspondence for mailing with the United States Postal Service and that correspondence is deposited with the United States Postal Service that same day in the ordinary course of business unless indicated below by electronic service.

On August 30, 2018, I served the following documents:

**DEFENDANT'S OPPOSITION TO MOTION TO SUBSTITUTE PLAINTIFF; AND**

**DEFENDANT TONY FU'S OBJECTION TO EVIDENCE**

by placing copies of said documents in a sealed envelope by first class mail and served in the manner described below addressed as follows:

*Via-ECF*
Mark W. Lapham
Law Offices of Mark W. Lapham
751 Diablo Rd.
Danville, CA 94526

*First Class Mail*
Demas Wai Yan
100 Pine Street, #1250
San Francisco, CA 94111

I placed such envelopes for collection and mailing at my employer's office following ordinary business practices, addressed to the addressee designated.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 30th day of August, 2018 at Oakland, California.

/s/ Gail A. Michael