DEMAS YAN
100 Pine St #1250
San Francisco, CA 94111
Phone (415) 867-5797
plaintiff in pro per

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| In re: Tony Fu,<br><br>       Debtor.<br>_____<br>Thai Ming Chiu, Demas Yan, Legal Recovery, LLC,<br>      Plaintiffs,<br>v.<br>Tony Fu,<br>      Defendant. | Bankruptcy Case No.: 17-41205 CN<br>Chapter 7 Trustee: Marlene G. Weinstein<br><br>AP # 17-04056<br><br>DEMAS YAN'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION TO SUBSTITUTE PLAINTIFF<br><br>Date: 9/10/18<br>Time: 10 am<br>Ctrm: 215<br>Judge: Charles Novak<br>Place: 1300 Clay Street, Oakland, Ca. 94612 |

## ANY DEFECTS IN NOTICE WAS WAIVED

Defendant has waived any defects by filing of opposition papers on the merits of the motion. Defendant did not allege any prejudice sustained. The Court should rule on the motion or continue the hearing if deems necessary.

## PLAINTIFF THAI MING CHU WAS SERVED AND HAD ACTUAL NOTICE

Plaintiff Chu is represented by Mark Lapham who is a recipient of ECF notice. Also, CHU was deposed by defendant's counsel Eric Nyberg on August 29, 2018. At his deposition, Chu stated his support for the motion and his desire to withdraw because of expenses and his desire to spend time with his grandchild. Defendant's opposition was filed after Chu's deposition, so Mr. Nyberg already knew that Chu supports this motion.

1

## MOTION IS IN THE BEST INTEREST OF CREDITORS

Defendant argues that Yan should not be allowed to substitute as plaintiff because of the prior vexatious litigant order. That argument has no merit for the following reasons.

Plaintiff's claim is based on 11 U.S.C. Section 727. The various provisions of § 727 generally withhold a debtor's discharge on account of the debtor's bad acts committed either pre-petition or post-petition. The denial of a debtor's discharge has an effect on each and every creditor in the case and the benefit of obtaining a denial of discharge accrues to each creditor. *Butler v. Almengual* (In re Almengual), 301 B.R. 902, 908 (Bankr.M.D.Fla.2003) ("Besides vindicating public policy, a successful section 727 action benefits all creditors because it preserves their ability to pursue their claims against the debtor post-petition.") (citing *Jacobson v. Robert Speece Properties, Inc*. (In re Speece),159 B.R. 314, 319-20 (Bankr.E.D.Cal.1993)).

Here, there is no dispute that Yan is also a creditor along with the plaintiff and other creditors who may or may not have filed claims against Fu. The courts have generally considered the best interest of creditors and the public policy of discouraging bankruptcy abuse in deciding whether to allow substitution as plaintiff in a section 727 action. See *Hage v. Joseph* (In re Joseph), 121 B.R. 679(Bankr.N.D.N.Y.1990) (allowed substitution of one creditor for another under Rule 25 to continue prosecution of § 727 action); *Bicoastal Corp. v. Bilzerian* (In re Bilzerian), 164 B.R. 688, 691 (Bankr.M.D.Fla.1994) ("it is self-evident that other parties in interest should be given an opportunity to prosecute a complaint objecting to debtor's discharge initially filed by another creditor if the original plaintiff elected ... not to pursue prosecution."); *Mazur v. Hirsch Shoe Co*., 46 F.2d 973, 974 (5th Cir.1931) ("[I]t is plain that the creditors may at any time while the cause is still pending, and before final action is taken on it, decline to go further with their opposition to a discharge, it is also true that in such event any other creditor may, in the discretion of the judge of the court, be allowed to proceed under the specifications already filed by those withdrawing."); *In re Ruhlman*, 279 F. 250, 252 (2nd Cir.1922) ("Creditors may be allowed, in the discretion of the court, to enforce objections filed and abandoned by other creditors."); *Ballard Furniture Co., Inc. v. Lindsey* (In re Lindsey), 208 B.R. 169 (Bankr.E.D.Ark.1997) (denied creditor's motion to dismiss and case trustee was substituted as

party plaintiff under Rule 7041).

Here, Yan is not seeking to bring a new claim against defendant, but only to continue prosecution of a § 727 action. Yan assumes no new rights and is not raising new issues which were not raised in the original complaint. Substitution by Yan in this situation does not violate any existing vexatious litigant order.

Yan is ready, willing and able to continue the § 727 claim to an adjudicated conclusion. Because Yan is already prosecuting the § 523 claim, substitution is of benefit to all parties by consolidating the proceedings and reduce duplicative work and costs. Whether substitution will expedite and simplify the action has also been the consideration in deciding a motion pursuant to Rule 25(c). See *Taberna Capital*, 2010 WL 1424002, at *2 (quoting *Banyai v. Mazur*, No. 00 Civ. 9806, 2009 WL 3754198, at *3 (S.D.N.Y. 2009) (collecting cases)); *Dollar Dry Dock Say. Bank v. Hudson St. Dev. Assoc.*, No. 92 Civ. 3737, 1995 WL 412572, at *4 (S.D.N.Y. July 12, 1995).

Respectfully submitted,
Dated: 9/4/18
/s/DEMAS YAN