

**The following constitutes
the order of the court. Signed September 14, 2018**

*[signature]*

Charles Novack
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No. 17-41205 CN |
| TONY DONG XING FU, | Chapter 7 |
| Debtor. | |
| DEMAS WAI YAN, THAI MING CHIU, and LEGAL RECOVERY, LLC | Adversary No. 17-04056 |
| Plaintiffs, | **ORDER DENYING MOTION TO COMPEL APPEARANCE AT DEPOSITIONS** |
| vs. | |
| TONY FU, | |
| Defendant. | |

On September 10, 2018, the court conducted a hearing on Plaintiff Demas Yan's ("Yan") motion to compel ("Motion") third-party witnesses Crystal Lei ("Lei") and Phyllis Ling ("Ling") to appear for depositions. While Yan appeared at the hearing, Lei and Ling did not, and they did not file any written opposition to the Motion. Yan contends that he properly served Lei and Ling with deposition subpoenas, and that neither attended their depositions. For the reasons stated below, the Motion is denied.

Yan attempted to serve two subpoenas on Ling and one subpoena on Lei. Yan mailed Ling's first subpoena (dated June 18, 2018) to her at 337 28th Avenue in San Francisco, and then employed a process server ("Mora") who attempted to serve Ling and Lei personally with deposition

1

ORDER DENYING MOTION

subpoenas, dated August 8, 2018, at the same address[1]. Yan did not provide this court with any competent evidence, however, that Ling resides at 337 28th Avenue or that she was present when the process server attempted personal service. Instead, Mora filed a declaration stating that he attempted to personally serve Lei and Ling with subpoenas at 337 28th Avenue on August 10, 2018, and that his efforts were stymied by one of Lei's family members who slammed the door on Mora after ascertaining that Mora was a process server. Mora also avers that the subpoenas were caught in the door jam as a result of this encounter, and that the family member then opened the door, removed the subpoenas from the door jam and threw them on the ground. Immediately after the September 10th hearing, Bryant Fu (the defendant's son) filed a declaration stating that he was the "family member" in question who responded to Mora's attempt to serve the subpoenas on August 10th. Fu states that a) he informed Mora that he could not accept service for Ling since she did not live at 337 28th Avenue, b) he never intimidated Mora, and that c) Mora left the property with the subpoenas in hand. Bryant Fu apparently concedes that his mother, Crystal Lei, resides at 337 28th Avenue.[2]

Federal Rule of Civil Procedure 45(b)(1), which applies to this proceeding under Federal Rule of Bankruptcy Procedure 9016, provides that "Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." FRCP 45(b)(1). Most courts interpret the "delivering" requirement of Rule 45 to require personal service. *See Prescott v. County of Stanislaus,* 2011 U.S. Dist. LEXIS 134137, 8-9 (E.D. Cal. 2011)(citing cases). However, federal courts have found that *attempts* at personal service constitute delivery when an individual physically evades a process server at a residence and the process server leaves documents on the property. *See e.g. Gambone v. Lite-Rock Drywall Corp.,* 2003 U.S. Dist. LEXIS 13916 (E. D. Pa. 2003); *see also Siemens Med. Solutions USA, Inc. V. Sequoia Techs.,* 2006 U.S. Dist. LEXIS 11267 (D. Arizona

---

[1] Yan never mailed a subpoena to Lei.

[2] While this court understands Bryant Fu's interest in intervening in this matter, he is not a party to this litigation. Unless he is responding to some discovery request, pleading or subpoena directed specifically at him, he should refrain from filing any further documents in this adversary proceeding.

2006).  Moreover, a growing number of courts have allowed alternative methods of service (other than personal service) under Rule 45 so long as service is reasonably designed to provide actual notice of a subpoena.  *See Toni Brattin & Co v. Mosaic Int'l, LLC,* 2015 U.S. Dist. LEXIS 46756, 8-9, (N.D. Cal. 2015)(citing cases).

The Motion as to Ling is denied for defective service.  Yan has not provided this court with any competent evidence that Ling resides at 337 28th Avenue or that she was present at that location on August 10th.  While Mora's declaration states that Ling resides there, he has not provided any foundation for this statement. Absent such evidence, Yan has not demonstrated that he properly served her subpoenas (by mail or otherwise).

Yan also did not properly serve Lei with her subpoena. Even if this court accepts Mora's declaration in full, he does not state that he left Lei's subpoena on the premises so that she could retrieve it.  Having failed to do so, Lei was not provided with sufficient notice of the date and time of her deposition.  Additionally, Yan has provided no evidence that he delivered fees or mileage payments to Lei as required by Rule 9016. Given the lengthy litigation history between the parties, this court reasonably believes that Lei is aware of this adversary proceeding and of Yan's desire to depose her.  Accordingly, Yan may serve Lei with a deposition subpoena (along with any appropriate fee required by Rule 9016) by first class mail.

**\*\*\* END OF ORDER \*\*\***

A.P. No. 17-04056 CN

**COURT SERVICE LIST**

Crystal Lei
337 28th Avenue
San Francisco, CA 94121

Demas Wai Yan
100 Pine St., #1250
San Francisco, CA 94111

Bryant Fu
337-28th Ave.
San Francisco, CA 94121

Other recipients are ECF participants.