Mark Lapham (SBN 146352)
751 Diablo Rd.
Danville, CA 94526
Phone 925-837-9007
Email marklapham@sbcglobal.net
Attorney for plaintiffs

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| In re: Tony Fu,<br><br>　　　　Debtor.<br>_____<br>Thai Ming Chiu, Demas Yan,<br>　　　Plaintiffs,<br>　　　　v.<br>Tony Fu,<br>　　　Defendant. | Bankruptcy Case No.: 17-41205 CN<br>Chapter 7<br><br>AP # 17-04056<br><br>PLAINTIFF'S TRIAL BRIEF<br><br>Trial Dates: 1/8-9/2019<br>Ctrm: 215<br>Judge: Charles Novak<br>Place: 1300 Clay Street, Oakland, Ca. 94612 |

## BACKGROUND

Debtor Tony Fu (FU) filed for Chapter 7 bankruptcy on 5/5/17. Plaintiffs filed adversary proceeding objecting to discharge on 8/2/17. First Amended Complaint was filed on 10/18/2017.

Plaintiff THAI MING CHIU (CHIU) objects to discharge pursuant to 11 U.S.C. § 727(a)(2)(A), 11 U.S.C. §727(a)(3), and 11 U.S.C. §727(a)(4).

Plaintiff DEMAS YAN (YAN) objects to discharge pursuant to 11 U.S.C. § 523(a)(6).

//

# LEGAL STANDANDS

## 11 U.S.C. § 727(a)(2)(A)

11 U.S.C. § 727(a)(2)(A) provides that:

"The court shall grant the debtor a discharge unless

* * *

(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed

(A) property of the debtor, within one year before the date of the filing of the petition; . . ."

Denial of a discharge under § 727(a)(2) can only be made upon a finding of actual intent to hinder, delay, or defraud. Because it is often impossible to produce direct evidence as to fraudulent intent, intent may be established by circumstantial evidence, or by inferences drawn from a course of conduct. In re Devers, 759 F.2d 751, 753-54 (9th Cir. 1985). Certain "badges of fraud" strongly suggest that a transaction's purpose is to defraud creditors unless some other convincing explanation appears. These factors, not all of which need be present, include 1) a close relationship between the transferor and the transferee; 2) that the transfer was in anticipation of a pending suit; 3) that the transferor Debtor was insolvent or in poor financial condition at the time; 4) that all or substantially all of the Debtor's property was transferred; 5) that the transfer so completely depleted the Debtor's assets that the creditor has been hindered or delayed in recovering any part of the judgment; and 6) that the Debtor received inadequate consideration for the transfer. In re Woodfield, 978 F.2d 516, 518 (9th Cir. 1992)

Inquiry into debtor's disposition of assets is not restricted to one year period. Assets transferred years prior to the filing of the petition have been found to have been the objects of continuing concealments within the letter of section 727(a)(2)(A), thereby preventing discharge. In re May, 12 B.R. 618, 627-28 (N.D.Fla. 1980) (citing Green v. Toy, 171 F.2d 979 (1st Cir. 1949); Duggins v. Heffron, 128 F.2d 546 (9th Cir. 1942)). In re Klein, 30 B.R. 727, 729 (Bankr. E.D.N.Y. 1983)).

## 11 U.S.C. §727(a)(3)

Under 11 U.S.C. § 727(a)(3), a debtor is not eligible for discharge if he "has . . . failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case."

The statute imposes an affirmative duty on the debtor to keep and preserve recorded information that will allow his creditors to ascertain his financial condition and business transactions. Caneva v. Sun Cmtys. Operating Ltd. Partnership (In re Caneva), 547 F.3d 1082, 1090 (9th Cir. 2008). The party objecting to discharge bears the initial burden of prove, but once the objecting party shows that the debtor's records are absent or are inadequate, the burden of proof then shifts to the debtor to justify the inadequacy or nonexistence of the records. Lansdowne v. Cox (In re Cox), 41 F.3d 1294, 1296 (9th Cir. 1994). The standard for disclosure of records for purposes of § 727(a)(3) is one of "reasonableness in the particular circumstances." Razzaboni v. Schifano (In re Schifano), 378 F.3d 60, 68 (1st Cir. 2004). The inquiry into the reasonableness of records may include several relevant factors such as "the education, experience, and sophistication of the debtor; the volume of the debtor's business; the complexity of the debtor's business; the amount of credit extended to the debtor or his business; and any other circumstances that should be considered in the interest of justice." Id. at 70 n.3. Intent to conceal a debtor's financial condition is not a necessary element to support an objection to discharge for failure to keep books and records. Thaler v. Erdheim (In re Erdheim), 197 B.R. 23, 29 (Bankr. E.D.N.Y. 1996). A creditor is ultimately held to proof by a preponderance of the evidence in opposing a discharge. Grogan v. Garner, 498 U.S. 279 (1991).

//

## 11 U.S.C. §727(a)(4)

Section 727(a)(4)(A) provides that: "The court shall grant the debtor a discharge, unless the debtor knowingly and fraudulently, in or in connection with the case, made a false oath or account.

The Creditors must establish five elements under § 727(a)(4)(A):

(1) the Debtors made a statement under oath;

(2) the statement was false;

(3) the Debtors knew the statement was false;

(4) the Debtors made the statement with the intent to deceive; and

(5) the statement related materially to the bankruptcy case.

Both affirmative false statements and omissions fall within scope of § 727(a)(4)(A), and statements are material if related to debtor's business enterprises or transactions, his bankruptcy estate, discovery of assets, and/or existence and disposition of property, as are matters pertinent to discovery of assets. Roberts v Oliver (In re Oliver) (2009, BC ED Tenn) 414 BR 361. A debtor's petition and schedules constitute a statement under oath for purposes of a discharge objection under § 727(a)(4). Nof v. Gannon (In re Gannon), 173 B.R. 313, 320 (Bankr. S.D. N.Y. 1994). A false statement, whether made in the schedules or orally at an 11 U.S.C. § 341 creditors' meeting, is sufficient grounds for denying a discharge provided it was knowingly made and is material. Stathopoulos v. Bostrom (In re Bostrom), 286 B.R. 352, 359 (Bankr. N.D. Ill. 2002). Subsequent voluntary disclosure through amendment to the schedules or testimony does not expunge the falsity of the oath. In re Bailey, 147 B.R. 157, 165 (Bankr. N.D. Ill. 1992). Whether the Debtors made a false oath within the meaning of § 727(a)(4)(A) is a question of fact. Williamson v. Fireman's Fund Ins. Co., 828 F.2d 249, 251 (4th Cir. 1987). The Creditors must prove that the Debtors made the false statements with fraudulent intent. To find the requisite degree of intent, the court must find that the defendant either knowingly and fraudulently intended to defraud the Trustee or engaged in behavior which displayed a reckless and cavalier disregard for the truth. People rarely if ever admit to committing fraud. Therefore,

fraudulent intent may be proved by inferences drawn from debtor's course of conduct or from the surrounding circumstances. Yonikus, 974 F.2d 901, 905; In re Devers, 759 F.2d 751, 753-54 (9th Cir. 1985). If a debtor's bankruptcy schedules reflect a "reckless indifference to the truth" then the plaintiff seeking denial of the discharge need not offer any further evidence of fraud. Calisoff v. Calisoff (In re Calisoff), 92 B.R. 346, 355 (Bankr. N.D. Ill. 1988). A false oath may be material even though it does not result in any detriment or prejudice to the creditor. Congress Talcott Corp. v. Sicari (In re Sicari), 187 B.R. 861, 881 (Bankr. S.D. N.Y. 1994).

## 11 U.S.C. § 523(a)(6)

Section 523(a)(6) of the Bankruptcy Code excludes from discharge any debt for willful and malicious injury by the debtor to another entity or to the property of another entity.

Other than determination of dischargeability, a bankruptcy court does not pass judgment on a personal injury claim. 28 U.S.C. § 1411(a) provides that bankruptcy does "not affect any right to trial by jury that an individual has under applicable nonbankruptcy law with regard to a personal injury or wrongful death tort claim." 28 U.S.C. § 157(b)(1) specifics that a Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, but Section 157(b)(2)(B) and (O) specific that liquidation and estimation of personal injury tort or wrongful death claims are not core proceedings. Section 157(b)(5) specifics that a district court shall order that personal injury tort and wrongful death claims shall be tried in the district court.

## STATEMENT OF FACTS

Plaintiff CHIU will show at trial that:

Fu has a long standing conspiracy with his wife Crystal Lei (Lei) and his son Bryant Fu (Bryant) to hide and shield his assets. This conspiracy begin in 1999 and continues to the present.

The catalysis for the conspiracy was Fu's litigation related to this contractor license. On January 1, 1999, Fu who was a licensed contractor entered into a home improvement contract with

Florence Fung (Fung). After Fung discovered that Fu's work was defective, Fung stopped payment. On June 15, 1999, Fu filed a demand for arbitration with AAA asserting that Fung owed him $19,250. Fung filed a cross-claim and the arbitration began going badly for Fu.

In anticipation of an adverse outcome, Fu and Lei began an elaborate plan to shield Fu from his creditors. Fu "quit-claimed" without consideration all of his interest in three valuable real estate properties. Those properties are 567 23rd Avenue in San Francisco (Quitclaim Deed executed on 9/15/1999 and recorded 11/12/1999 as Doc. no. G691844), 547 23rd Avenue in San Francisco (Quitclaim Deed executed on 9/15/1999 and recorded 2/1/2000 as Doc. no. G729099), and 323 21st Avenue in San Francisco (Quitclaim Deed executed on 4/17/2000 and recorded 4/28/2000 as Doc. no. G767095).

Lei filed a petition for divorce on 5/8/2000 in San Francisco Superior Court Case Number: FDI-00-037282. Fu did not answer. Default was entered on 7/11/2000 and Judgment for Dissolution of Marriage was entered on 8/31/2000. After the sham divorce, Fu continued living with Lei and Bryant as a family to the present.

Fung prevailed in arbitration against Fu, and the arbitration award was reduced to judgment in the amount of $77,724.75 on October 9, 2003 in San Francisco Superior Court case no. CGC00311712. Fu has not paid the judgment which is now approximately $197,000 with accrual of interest.

Fu's contractor license was suspended and expired under suspension on 10/31/2001. Fu continues to earn income as an unlicensed contractor after revocation of his license. Fu also earns income as a licensed real estate broker (Department of Real Estate License ID: 01172100) from 1993 to the present. Fu transfers his income to Bryant in the form of cash and assignment of contracts.

Lei holds legal title to properties that Fu has equitable interest. This includes cars and the real estate known as 337-341 28th Avenue in San Francisco.

Fu had made false declarations in his bankruptcy petition relating to his assets, liabilities, executory contracts and unexpired leases. Fu also made false statements at Section 341 meeting of creditors on 6/6/17. Fu has not provided documentations to ascertain his financial conditions.

Plaintiff YAN will show at trial that:

On April 25, 2016, Fu and an accomplice Martin Eng assaulted and committed battery on Yan. Yan suffered serious injuries requiring surgery and hospitalization. On May 2, 2016, an arrest warrant for Fu was issued by Judge Wiss of the San Francisco Superior Court. Before his arrest, Fu had hired an attorney who was in contact with Sergeant Matthew Sullivan of the San Francisco Police Department. Fu knew of the existence of the warrant in May of 2016 but evaded arrest until August 1, 2016. Fu posted cash bail of $175,000 and was released pending trial. On April 4, 2017, Bryant wrote an alibi letter alleging that Fu was with Bryant during the time of the assault. On May 3, 2017, Bryant was interviewed by the San Francisco Prosecutor office. Thereafter around May 5, 2017, the charges against Fu were dropped.

Yan will show at trial that Bryant's alibi is false that Fu was with him at the time of the assault.

Dated: 12/31/2018
By: /s/MARK LAPHAM
Attorney for Plaintiffs