ERIC A. NYBERG, ESQ. (Bar No. 131105)
SARAH L. LITTLE, ESQ. (Bar No. 215635)
**KORNFIELD, NYBERG, BENDES, KUHNER & LITTLE, P.C.**
1970 Broadway, Suite 600
Oakland, California 94612
Telephone: (510) 763-1000
Facsimile: (510) 273-8669
Email: e.nyberg@kornfieldlaw.com
Email: s.little@kornfieldlaw.com

Attorneys for Defendant Tony Fu

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>Tony Dong Xing Fu,<br><br>Debtor. | Case No. 17-41205 CN<br><br>Chapter 7 |
| Demas Wai Yan, Thai Ming Chiu, Legal Recovery, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>Tony Fu,<br><br>Defendant. | Adv. Proc. No. 17-04056<br><br>**DEFENDANT'S OPPOSITION TO MOTION FOR RELIEF FROM ORDER**<br><br>Date: March 11, 2019<br>Time: 10:00 a.m.<br>Ctrm: 215<br>U.S. Bankruptcy Court<br>1300 Clay Street<br>Oakland, CA 94612 |

Defendant Tony Fu ("Defendant") submits the following opposition to Thai Ming Chiu/ Demas Yan's Motion for Relief from Order Entered January 31, 2019.

# I. INTRODUCTION

The charade continues. Thai Ming Chiu and his attorney of record, Mark Lapham, through Demas Yan, has filed a motion for relief from the court's order dated January 31, 2019 granting Defendant's Motion for Summary Judgment Pursuant to FRCP Rule 52 and FRBP 7052. Based upon the syntax errors in the motion, it is readily apparent that once again Demas Yan is filing pleadings on behalf of counsel and his client. Demas Yan, with the apparent consent of Mark Lapham, is making a mockery of Judge Carlson's vexatious litigant order and prior orders of this court. The motion is specious; Yan once again misstates the record and the rulings made by this court on January 31, 2019, and the motion should be denied. Further, the court should order Mark Lapham to pay Fu's attorneys' fees and costs in having to respond to this motion pursuant to 28 U.S.C. § 1927.

# II. FACTUAL BACKGROUND

This adversary proceeding was originally commenced on August 2, 2017 and the complaint was subsequently amended by the filing of a first amended complaint on October 18, 2017. Both the original complaint and first amended complaint alleged that the court "has jurisdiction of this adversary proceeding pursuant to 28 U.S.C. § 1334 and 11 U.S.C. § 727. This is a core proceeding under 28 U.S.C. § 157(b)."

On September 15, 2017, Defendant filed a Motion to Dismiss the Adversary Proceeding and raised among other issues the issue of standing. The court denied most of the motion and found that the complaint set forth sufficient allegations to allow Thai Ming Chiu to proceed with his claims in the adversary proceeding.

Defendant did not deny that the court had jurisdiction over the claims in his answer.

The matter proceeded to trial on Thai Ming Chiu's portion of the adversary proceeding on January 29, 2019. At the conclusion of Plaintiffs' case, Defendant moved for judgment pursuant to Federal Rule of Civil Procedure 52 and Federal Rule of Bankruptcy Procedure 7052. The motion was argued on January 30, 2019 and the court granted Defendant's motion. The court entered a written order granting the motion on January 31, 2019.

The court orally announced its findings of fact and conclusions of law at the conclusion of the argument on January 30, 2019. Among the findings made by the court was that the Plaintiff had not demonstrated by a preponderance of the evidence that he was a creditor as an element of his case under 11 U.S.C. § 727(c). The court did not rule on any standing issues.

### III. ARGUMENT

Chiu/Yan has moved pursuant to FRCP 60, as incorporated into FRBP 9024, for relief from the order granting judgment in favor of Defendant and against Chiu. Chi/Yan blatantly misrepresents that the court made a finding that Chiu did not have standing, and consequently, the court could only dismiss Chiu's action and could not enter a judgment in favor of Fu.

The issue before the court is not one of standing. It is not one of constitutional or prudential standing. The court has jurisdiction over the adversary proceeding pursuant to 28 U.S.C. § 1334 and 11 U.S.C. § 727. The matter was a core proceeding under 28 U.S.C. § 157(b)(J).

There is no issue relating to prudential standing. The court had the ability to provide the relief requested by Chiu had Chiu been able to prevail in the adversary proceeding. The issue is not one of jurisdiction, rather the Plaintiff failed to meet his burden at trial. The Plaintiff failed to establish, among other things, by a preponderance of the evidence that he was a creditor, which is one of the elements of an objection to discharge under 11 U.S.C. § 727. It is obvious that Chiu/Yan would sing quite a different tune had he prevailed at trial. It is completely disingenuous to file an adversary proceeding, proceed all the way through the adversary proceeding, file a motion for summary judgment, which was denied, and then after trying the case and after losing, claim the court had no jurisdiction and therefore all that the court could do is to dismiss the action after the case has been tried.

The case relied upon by Chiu/Yan is completely inapposite to the situation at hand. In *In re Rosenfeld,* 535 BR 186 (BC E.D. Mich. 2015), the court determined <u>before</u> <u>trial</u> that the plaintiff did not have standing. The court found that the plaintiff did not having standing because the plaintiff had a claim that was already non-dischargeable, and therefore there was no further relief that the court could give the plaintiff in the 727 action brought by the plaintiff.

The latest frivolous motion brought by Chiu/Yan has clearly been orchestrated, drafted and most likely filed by Yan. However, the ECF signature on the pleading, as well as the pleading itself indicates it was filed by counsel, Mark Lapham. 28 U.S.C. § 1927 provides:

> "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

Sanctions pursuant to § 1927 must be supported by a finding of subjective bad faith. Bad faith is present when an attorney knowingly recklessly raises a frivolous argument or argues a meritorious claim for the purpose of harassing an opponent. *Blixseth vs. Yellowstone Mountain Club, LLC,* 796 F.3d, 1004 (9th Cir. 2015). In the *Blixseth* case, sanctions were imposed on an attorney who had not retracted inaccurate statements about a bankruptcy judge that had no evidentiary support, and who cited facts outside the record and evidence that have been forged.

In the present case, the motion is both frivolous and purely designed to continue to harass Defendant and run up the costs incurred by Defendant in the adversary proceeding. It is apparent that the motion was drafted by Yan due to the common syntax errors evident in Yan's writing. Notwithstanding the fact that the motion was drafted and most likely filed by Yan, counsel, Mark Lapham, allowed the filing of the pleading and therefore owns it. Given that the motion is frivolous and harassing, the court should sanction Mark Lapham and make him pay the attorneys' fees incurred by Tony Fu in responding to the frivolous and harassing motion.

Tony Fu has incurred attorneys' fees in the amount of $1,012.50 in preparing the opposition to this motion. Further, it is anticipated that additional fees of $675.00 will be incurred in attending the hearing on this motion.

### IV. CONCLUSION

The motion of Chiu/Yan should be denied. Further, pursuant to 28 U.S.C. § 1927, the court should order Mark Lapham to personally satisfy the attorneys' fees incurred by Tony Fu in having to respond to the frivolous and vexatious motion.

| | |
|---|---|
| Dated: February 21, 2019 | Kornfield, Nyberg, Bendes, Kuhner & Little, P.C. |

By: /s/ Eric A. Nyberg
(Bar No. 131105)
Attorneys for Defendant Tony Fu

# DECLARATION OF SERVICE

I, the undersigned, declare:

I am employed in the City of Oakland, County of Alameda, California. I am over the age of 18 years and not a party to this action. My business address is 1970 Broadway, Suite 600, Oakland, California 94612.

I am readily familiar with the business practices of my employer, Kornfield, Nyberg, Bendes, Kuhner & Little, P.C., for the collection and processing of correspondence for mailing with the United States Postal Service and that correspondence is deposited with the United States Postal Service that same day in the ordinary course of business unless indicated below by electronic service.

On February 25, 2019, I served the following documents:

**DEFENDANT'S OPPOSITION TO MOTION FOR RELIEF FROM ORDER; AND**

**DECLARATION OF ERIC A. NYBERG IN SUPPORT OF OPPOSITION TO MOTION FOR RELIEF FROM ORDER**

by placing copies of said documents in a sealed envelope by first class mail and served in the manner described below addressed as follows:

| *Via-ECF* | *Via-ECF and First Class Mail* |
|---|---|
| Mark W. Lapham | Demas Wai Yan |
| Law Offices of Mark W. Lapham | 100 Pine Street, #1250 |
| 751 Diablo Rd. | San Francisco, CA 94111 |
| Danville, CA 94526 | |
| | *First Class Mail* |
| | Dennis Yan |
| | Law Office of Dennis Yan |
| | 425 Market St. #2200 |
| | San Francisco, CA 94105 |

I placed such envelopes for collection and mailing at my employer's office following ordinary business practices, addressed to the addressee designated.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 25th day of February, 2019 at Oakland, California.

/s/ Gail A. Michael