**Entered on Docket**
**March 27, 2019**
**EDWARD J. EMMONS, CLERK**
**U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**




**The following constitutes the order of the Court.**
**Signed: March 26, 2019**

**Charles Novack**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br>TONY DONG XING FU,<br>Debtor. | Case No. 17-41205 CN<br>Chapter 7 |
| DEMAS WAI YAN and THAI MING CHIU,<br>Plaintiffs,<br>vs.<br>TONY FU,<br>Defendant. | Adversary No. 17-4056<br>**ORDER GRANTING MOTION FOR POST TRIAL RELIEF** |

On January 30, 2019, this court granted Defendant Tony Fu's ("Fu") motion for judgment pursuant to Federal Rule of Bankruptcy Procedure 7052(c) with regard to the § 727(a) claims for relief asserted by Plaintiff Thai Ming Chiu ("Chiu"). This court held that Chiu had not demonstrated by a preponderance of the evidence that Fu had violated Bankruptcy Code §§ 727(a)(2), (3) and (4). This court alternatively determined that Chiu had not established by a preponderance of the evidence that he was a creditor and therefore lacked statutory standing under § 727(c). Given the need to resolve plaintiff Demas Yan's separate claim for relief, this court has not yet entered a judgment in this adversary proceeding.

On February 9, 2019, Chiu filed a two page motion under Federal Rule of Civil Procedure 60(b)(4) in which he argued that the Rule 7052(c) order is void for lack of subject matter jurisdiction and that the court therefore should not have reached the substance of his § 727 claims. Chiu


Case: 17-04056 Doc# 178 Filed: 03/26/19 Entered: 03/27/19 10:52:12 Page 1 of 5

contends that this court should amend its order and simply dismiss his § 727(a) claims for relief. Fu vigorously opposes the Rule 60(b)(4) motion and seeks sanctions. While this court is wary regarding Chiu's motive for filing his motion, the motion for post-trial relief is granted.[1]

Before trial, Fu moved for summary judgment on the ground that Chiu lacked statutory standing to assert his § 727 claims for relief. Chiu opposed the motion, and this court denied Fu's summary judgment motion because there was a genuine factual dispute regarding whether Chiu was a creditor. Chiu thereafter proceeded to trial on his § 727 claims and, as stated above, did not establish his claims by a preponderance of the evidence. During trial, Fu pressed the issue of Chiu's standing under § 727(c), which only authorizes a trustee, creditor or the United States trustee to object to a debtor's discharge under § 727(a). Chiu failed to prove that he held any type of claim (disputed, unliquidated or otherwise under Bankruptcy Code § 101(5)) against Fu, and this court determined that this was an alternative ground upon which to enter judgment in Fu's favor.

Chiu now seems to argue that his lack of statutory standing equates to a lack of constitutional standing, which requires this court to dismiss his claims for relief and vacate its substantive findings regarding his § 727(a) claims, since a lack of constitutional standing precludes this court from determining the merits of his discharge claims. The court reluctantly agrees.[2] This court may examine a party's standing at any stage of litigation. *Warchol v. Barry (In re Barry)*, 451 B.R. 654 (1st Cir. B.A.P. 2011). Moreover, this court may not rely on "hypothetical standing" to address the merits of a putative plaintiff's claims for relief. *See Steel Co. v. Citizens for a Better Env't.*, 523

---

[1] This court can also construe Chiu's motion as one under Federal Rule of Civil Procedure 59(e), which is applicable under Federal Rule of Bankruptcy Procedure 9023. A Rule 59(e) motion is appropriate when a party seeks to alter or amend a judgment. The phrase "alter or amend" refers to a substantive change of mind by the court. *Miller v. Transamerican Press, Inc.*, 709 F.2d 524, 527 (9th Cir. 1983).

[2] The court's concern stems from Chiu's counsel's remarks during oral argument that he filed the motion to allow someone else "to bring the case again." Chiu did not attend the trial and admitted in his deposition (parts of which were admitted into evidence) that Fu did not owe him any money. Chiu's motion appears to be a Demas Yan production, who, given this court's adverse determination of his § 523(a)(6) against Fu, still seems intent on maintaining his litigation barrage against Fu. The court reminded Chiu's counsel during argument that the deadline for filing discharge claims has passed.



UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

Case: 17-04056 Doc# 178 Filed: 03/26/19 Entered: 03/27/19 10:52:12 Page 2 of 5

U.S. 83, 93-95 (1998). To establish constitutional standing, a plaintiff must "first and foremost ... allege[ ] (and ultimately prove[ ] an 'injury in fact' – a harm *suffered by the plaintiff* that is "concrete" and "actual or imminent, not 'conjectural' or 'hypothetical." *Steel Co.,* supra, 1016 (emphasis added). The court must find that the injury is both 1) concrete and 2) particularized. *Spokeo v. Robins*, 136 S.Ct. 1540, 1545 (2016). To meet this burden, the litigant must prove that he has "a direct stake in the outcome." *Arizonans for Official English v. Arizona,* 520 U.S. 43, 64 (1997), quoting *Sierra Club v. Morton*, 405 U.S. 727, 740 (1972). By failing to establish that he held a claim against Fu, Chiu lacked both statutory standing under § 727(c) and the more fundamental jurisdictional standing under Article III of the Constitution to assert his § 727 claims for relief. Simply, absent a claim, Chiu does not have a redressable injury that would be remedied by the denial of Fu's discharge.

While statutory jurisdiction and Article III jurisdiction do not necessarily overlap,[3] in this instance they are co-extensive. Lack of a claim prevents Chiu from asserting a § 727(a) claim by statute and by basic Article III principles. In addition, this court may not simply assume jurisdiction and determine the merits. While the Second Circuit has noted that a trial court may hear evidence regarding the merits of a claim before it determines a litigant's standing, that court concluded that a trial court cannot substantively rule on those claims if it ultimately finds that the plaintiff lacks Article III standing. See *Alliance for Entl. Renewal, Inc. v. Pyramid Crossgates Co.*, 436 F.3d 82, 87 (2nd Cir. 2006). This is the scenario before this court.

Rules 59(e) and 60(b) offer remedies for exceptional circumstances. *See Kona Enters. V. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000); *Delay v. Gordon,* 475 F.3d 1039, 1044 (9th Cir. 2007). A motion to alter or amend under Rule 59(e) should not be granted, absent highly unusual circumstances, unless the trial court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law. *389 Orange St. Partners v. Arnold,* 179 F.3d 656, 665 (9th Cir. 1999). It is a clear error of law to ignore controlling Supreme Court

---

[3] Compare *Righthaven LLC v. Hoehn*, 716 F.3d 1166 (9th Cir. 2013) and *Mind Pictures, Inc. v. John Wiley & Sons, Inc.*, 2014 U.S.Dist. LEXIS 60901 (N.D.Cal. April 29, 2014).



UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

Case: 17-04056 Doc# 178 Filed: 03/26/19 Entered: 03/27/19 10:52:12 Page 3 of 5

precedent. *Smith v. Clark County Sch. Dist.,* 727 F.3d 950, 955 (9th Cir. 2013). Good cause appearing,

**IT IS HEREBY ORDERED** that Chiu's motion to alter or amend the court's judgment is granted. Chiu lacks constitutional standing, this court's substantive findings on his claims are vacated, and his claims for relief are dismissed. Given the circumstances behind the motion - that Chiu fully litigated these claims through trial, that Chiu is seeking to dismiss his claims only because he lost at trial, and that this motion has all of the earmarks of Demas Yan's longstanding machinations against Fu - no further notice of the dismissal of Chu's claims is required under Federal Rule of Bankruptcy Procedure 7041. Rule 7041 requires notice only where a § 727(a) plaintiff is seeking a dismissal at his "instance." That term implies that the moving party has some discretion in requesting such relief. Here, Chiu has no discretion in the matter, as he simply lacks the constitutional right to pursue this claim. This court will prepare an appropriate judgment resolving this adversary proceeding.

***** END OF ORDER *****





Case: 17-04056 Doc# 178 Filed: 03/26/19 Entered: 03/27/19 10:52:12 Page 4 of 5

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

**COURT SERVICE LIST**

Recipients are ECF participants


Case: 17-04056 Doc# 178 Filed: 03/26/19 Entered: 03/27/19 10:52:12 Page 5 of 5