

The following constitutes the order of the Court.
Signed: June 20, 2019

_____
**Charles Novack**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>TONY DONG XING FU,<br><br>    Debtor. | Case No. 17-41205 CN<br><br>Chapter 7 |
| DEMAS WAI YAN and THAI MING CHIU,<br><br>    Plaintiffs,<br>vs.<br><br>TONY FU,<br><br>    Defendant. | Adversary No. 17-4056<br><br>**ORDER DENYING MOTION FOR NEW TRIAL AND GRANTING MOTION FOR SANCTIONS UNDER FRBP 9011** |

      This court has, on more than one occasion, addressed Demas Yan's insistence on pursuing sanction-worthy claims against Tony Fu. In 2013, Bankruptcy Judge Carlson determined that Yan was a vexatious litigant due to his serial litigation against a small group of defendants which included Tony Fu and his son, Bryant Fu. These frivolous adversary proceedings prompted Judge Carlson to bar Yan from filing any action against Tony Fu or Bryant Fu in the Northern District bankruptcy court without prior court authorization (the "Vexatious Litigant Order"). Three years later, Yan violated the Vexatious Litigant Order by filing this adversary proceeding. Fu informed this court of the Vexatious Litigant Order, leading this court to hold Yan in contempt of court and to dismiss Yan's § 727 claims against Fu. This court allowed Yan to proceed with his §523(a)(6) non-dischargeability claim against Fu only because 1) the alleged incident occurred after the entry of the Vexatious Litigant Order, and 2) the court determined that it would have authorized the claim if Yan

had sought permission to file it.

This court tried Yan's § 523(a)(6) claim for relief over several days, and entered judgment in favor of Tony Fu on March 27, 2019[1]. Yan, a now disbarred attorney, represented himself during that trial. Displeased with the results, Yan moved for a new trial or for an amended judgment on April 11, 2019, which he later amended on April 19, 2019 (the "Amended New Trial Motion"). Fu opposes the Amended New Trial Motion and seeks sanctions under Federal Rule of Bankruptcy Procedure 9011. The court conducted a hearing on the New Trial Motion on June 3, 2019, and all appearances were noted on the record. For the reasons stated below, the Amended New Trial Motion is denied, and Fu's motion for sanctions is granted.

Yan contends that his is entitled to post-trial relief on two grounds. First, Yan argues that this court misconstrued the 911 telephone call of Thomas Tucker. Yan vehemently argues that Tucker informed the San Francisco 911 operator that he could not state with certainty the age of the assailants, and that had this court understood this, it would have found that Fu committed the assault in question. This argument is baseless. While Tucker stated that he could not identify the assailants' ethnicity, he repeatedly informed the operator that they were juveniles. Both the taped recording and its transcript state this. Moreover, this court's judgment in favor of Fu was not dependent on its understanding of the 911 call. The court specifically stated in its Memorandum Decision that the testimony of Yan, Tony and Bryant Fu, and Martin Eng were enough to demonstrate that Yan had not meet his burden of proof. The 911 tape was simply surplus evidence that Yan was indeed assaulted on April 25, 2016. It did nothing to identify the assailant(s). Simply, Yan's argument to the contrary is factually frivolous.

Yan also contends that Bryant Fu, who provided his father with an "alibi" regarding his whereabouts on the night in question, perjured himself. Yan attached to the Amended New Trial Motion the transcript of an interview conducted by the San Francisco District Attorney's office of Bryant Fu. Yan seemingly argues that this transcript constitutes "new evidence" that would have

---

[1] The court respectfully refers the parties to its amended memorandum decision ("Memorandum Decision"), dated March 26, 2019, and Judgment dated March 27, 2019.

materially affected the outcome of the trial.  Curiously, Yan knew of the interview before trial and even commented about it during his cross-examination of Bryant Fu.

This court presumes that Yan seeks relief under Federal Rules of Civil Procedure 59(e) and 60(b), as incorporated by Federal Rules of Bankruptcy Procedure 9023 and 9024.  Rules 59(e) and 60(b) offer remedies for exceptional circumstances.  See *Kona Enters. V. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000); *Delay v. Gordon,* 475 F.3d 1039, 1044 (9th Cir. 2007).  A motion to alter or amend under Rule 59(e) should not be granted, absent highly unusual circumstances, unless the trial court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law. *389 Orange St. Partners v. Arnold,* 179 F.3d 656, 665 (9th Cir. 1999).

No ground exists to grant the relief requested under Rule 59.  First, Yan's argument regarding the 911 call has no factual basis.  If Yan contends that this court committed "clear error" with regard to its content, the argument is frivolous.  Second, the District Attorney's interview is not newly discovered evidence. To obtain a new trial based upon newly discovered evidence, Yan must demonstrate that the contents of the interview 1) existed at the time of trial but was not discovered until later; 2) could not have been timely discovered by due diligence; 3) is not merely cumulative or impeaching; 4) is material; and 5) would probably produce a new result at trial. *In re Covino*, 241 B.R. 673, 679 (Bankr. D. Idaho 1999).  Yan cannot satisfy these elements.  Yan knew about the interview before trial, since he raised it during his cross-examination of Bryant Fu.  During the June 3, 2019 hearing, Yan repeatedly refused to answer this court's queries regarding when he first learned of the interview and why he did not obtain a copy of the transcript before trial.  In addition, the transcript was, at best, impeachment material.  Bryant Fu was not under oath during the interview, and his statement is not materially different than his trial testimony.[2]  The Ninth Circuit B.A.P. recently noted as well that perjury, by itself, is not a ground to obtain a new trial under Rule 9023.  *The Bascom Group, LLC v. Douglas J. Patrick,* BAP Nos. CC-18-1279-STaL et. seq., (June

---

[2] The court respectfully refers the parties to *United States v. Dunnigan,* 507 U.S. 87, 88-92 (1993) for a true taste of perjury.

5, 2019).[3]

Finally, Yan's perjury allegations are untimely. Yan did not raise the perjury argument in the original motion for new trial, and the Amended New Trial Motion was filed more than 14 days after entry of the Judgement. Although *Roy v. Volkswagenwerk Aktiengesellschaft*, 781 F.2d 670 (9th Cir. 1985)(per curiam) provides some basis for hearing an untimely argument, this court is not required to do so. *See Pogue v. International Industries,* 524 F.2d 342, 344 (6th Cir. 1975)(cited with approval in *Roy*); *Allied Chemical Corp v. Daiflon, Inc.,* 449 US. 33, 36 (1980); *see also Miranda v. Hokinson*, 2011 U.S. Dist. LEXIS 161738, *3 (C.D. Cal. 2011).

Yan's request for relief under Rule 9024 is also denied. Rule 60(b) provides six grounds for post trial relief. Other than his argument that the S.F.D.A's interview constituted newly discovered evidence (see Rule 60(b)(2)), Yan has not identified any subsection of Rule 60(b) that warrants a new trial. This court declines to act as his attorney, and his request for relief under Rule 60(b) is denied.

Fu's request for sanctions is granted. The record reflects that Fu complied with 9011(c) and that Yan rejected the safe harbor provided by the code section. Rule 9011 is aimed at curbing abuses of the judicial system. *Bus. Guides, Inc. v. Chromatic Communs. Enters.,* 498 U.S. 533, 542 (1991). Under Rule 9011(c), if the court determines that a litigant has filed a frivolous paper or has filed a paper for an improper purpose, the bankruptcy court may impose an appropriate sanction. *In re Brooks-Hamilton,* 400 B.R. 238, 249 (B.A.P. 9th Cir. 2009). The facts unerringly demonstrate that the Amended New Trial Motion was frivolous and that Yan filed it as part of his relentless campaign to harass Fu. A frivolous motion is one that is both baseless and made without a reasonable and competent inquiry, and neither well grounded in fact and warranted by existing law nor containing a good faith argument for the extension modification or reversal of existing law. *Brooks-Hamilton* at 252 (citing cases). For the reasons set forth above, the Amended New Trial Motion met these criteria.

---

[3] After reading the transcript, the court also is not convinced that Bryan Fu perjured himself. *Compare Dunnigan, supra* at 94 (1993).

Rule 9011 sanctions should be limited to "what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated." FRBP 9011 (c)(2). To determine an appropriate sanction, the bankruptcy court should consider: (1) whether the duty violated was to a client, the public, the legal system or the profession; (2) whether the lawyer acted intentionally, knowingly or negligently; (3) whether the lawyer's misconduct caused a serious or potentially serious injury; and (4) whether aggravating factors or mitigating circumstances exist. *Brooks-Hamilton,* 252. Although Yan is no longer an attorney, Rule 9011 applies equally to pro se litigants. *In re Den Beste,* 2012 Bankr. LEXIS 2697, *33 (B.A.P. 9th Cir. 2012), citing *Bus. Guides, Inc. v. Chromatic Communs. Enters.,* 498 U.S. 533 (1991). Aggravating factors include considerations that justify an increase in the degree of discipline imposed, such as a prior disciplinary offense, multiple offenses, a pattern of misconduct, and refusal to acknowledge the wrongful nature of the conduct. *Brooks-Hamilton*, 253. Mitigating circumstances include considerations which justify a reduction in the degree of discipline, such as the absence of a prior disciplinary record, personal or emotional problems, inexperience in the practice of law, or a timely good faith effort to make restitution or to rectify the consequences of the misconduct. *Brooks-Hamilton*, 253. Yan is a disbarred attorney with a substantial history in this court and others of improper, vexatious and sanctionable conduct against Fu. There are no mitigating factors. Good cause appearing, **IT IS HEREBY ORDERED** that Yan shall pay $12,686.25 in fees and $222.51 in costs to the law firm of Kornfield, Nyberg, Bendes, Kuhner & Little, P.C., which represents the fees and costs incurred by that firm in responding to the Amended New Trial Motion and prosecuting its request for sanctions under Rule 9011. Yan shall pay the fees and costs in good funds by no later than July 15, 2019.

**COURT SERVICE LIST**

Recipients are ECF participants